UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: _____

CANDACE SITTNER,

    Plaintiff,

v.

TGI FRIDAY'S Inc.

    Defendants,

_____/

## COMPLAINT

Plaintiff CANDACE SITTNER ("Plaintiff" or "Sittner") sues defendant TGI FRIDAY'S INC. ("Defendant"), and alleges:

## NATURE OF THE ACTION

1. This is an action by Plaintiff under the Americans with Disabilities Act ("ADA") and the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq*. ("FCRA"), to redress injury done to her by Defendant's discriminatory treatment on the basis of disability.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 42 U.S.C. § 2000e *et seq*., and 28 U.S.C. §§ 1331, 1343(3) and (4) and 1367(a).

3. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391, because Defendant is subject to the Court's personal jurisdiction with respect to the civil action at bar and because all or a substantial part of the events or omissions giving rise to this cause of action took place in this judicial district.

4. Plaintiff also invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of Florida that are so related to claims in the action within the original jurisdiction of this district Court that they form part of the same case or controversy under Article III of the United States Constitution. Specifically, Plaintiff is bringing claims under the FCRA.

## PARTIES

5. At the time of her employment, Plaintiff was a resident of Orange County, Florida, who was employed by Defendant and, as someone who was disabled or perceived to be disabled is a member of certain protected class of persons.

6. At all times material to this Complaint, Plaintiff was an "employee" and "aggrieved person" as defined by 42 U.S.C. § 2000e(f); 42 U.S.C. § 12111(4); and Fla. Stat. § 760.02(10). Plaintiff specifically incorporates the definitions of "employee" and "aggrieved person."

7. At all times material, Defendant TGI FRIDAY'S INC. was a corporation headquartered in Dallas, TX and authorized to conduct business in the State of Florida, in Orange County, and within the jurisdiction of this Court.

8. At all times material, Defendant was an "employer" as defined by 42 USCS § 12111(5); 42 USC § 2000e(a) and (b); 42 U.S.C. § 12111(4); and Fla. Stat. § 760.02(7). Plaintiff specifically incorporates the definition of "employer."

9. At all times material, Defendant employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

## PROCEDURAL REQUIREMENTS

10. All conditions precedent to bringing this action have been fulfilled. Plaintiff dual-filed Charges of Discrimination with the EEOC, and also with the Florida Commission on Human Relations within 300 days of the alleged violation. On or about July 25, 2022, the U.S. Equal Employment Opportunity Commission issued to Plaintiff a Dismissal and Notice of Rights with respect to such charge of discrimination. *See* **composite Exhibit "A."**

## STATEMENT OF FACTS

11. Plaintiff worked as both a server and hostess for the Defendant from October 2020 until her termination on, or about August 16, 2021.

12. As a server Plaintiff was on her feet all day, and her duties included taking orders, serving food, and cleaning her area.

13. As a hostess, Plaintiff's duties were to seat guest, bus tables, and clean.

14. Plaintiff was initially treated as a valued employee, but that all changed after she was injured on the job, and subsequently had major surgery.

15. Shortly after Mother's Day 2021, Plaintiff worked an extended shift and developed a blister on her right foot.

16. Because Plaintiff is a diabetic her blister presented a potentially serious medical condition.

17. Accordingly, Plaintiff requested to take time off to deal with the injury but was denied the request.

18. Plaintiff continued to work, and her injury worsened to the point that she had to have her big toe amputated on May 27, 2021.

19. Following the amputation, Plaintiff only took two-weeks off from work and returned to her duties as a server and a hostess.

20. The double duty was taking a toll Plaintiff's foot, and she requested to only work as a server and not as a hostess until her foot healed, as an accommodation following the surgery, but Plaintiff's request was denied.

21. Instead of providing, or even discussing her accommodation request, Plaintiff was terminated on August 16, 2021.

### **COUNT I: VIOLATION OF THE ADA – DISABILITY DISCRIMINATION**

22. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

23. Plaintiff is a diabetic who developed a blister on her big toe.

24. As a diabetic this blister presented a serious health concern, so she requested time off to deal with the injury.

25. Plaintiff' request was denied.

26. Plaintiff continued to work, and her injury worsened to the point that she had to have her big toe amputated on May 27, 2021

27. Following the amputation, Plaintiff requested an accommodation, which was also denied.

28. Following her request for accommodation, Plaintiff was terminated.

29. Plaintiff's condition qualifies as a disability or was regarded as a disability by Defendant, within the meaning of the ADA.

30. Defendant was aware of Plaintiff's medical condition.

31. At all times during his employment, Plaintiff was qualified to perform the essential functions of her position with or without reasonable accommodations.

32. Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment.

33. Defendant discriminated against Plaintiff because of her disabilities, in violation of the ADA. Alternatively, Plaintiff's disability was a motivating factor in the Defendant's decision to discriminate against and terminate Plaintiff.

34. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reasons for the termination from employment, Plaintiff's disability.

35. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to disability. The discrimination on the basis of disability constitutes unlawful discrimination.

36. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

**WHEREFORE**, Plaintiff CANDACE SITTNER respectfully requests that this court order the following:

a) Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADA;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

    c) Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

    d) Award Plaintiff prejudgment interest on his damages award;

    e) Award Plaintiff reasonable costs and attorney's fees; and

    f) Grant Plaintiff such other and further relief as this Court deems equitable and just.

**COUNT II: VIOLATION OF THE FCRA – DISABILITY DISCRIMINATION**

41. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

42. Defendant's treatment of Plaintiff as described above is based on Plaintiff's disabilities or Defendant's perception of the same. Alternatively, Plaintiff's disability was a motivating factor in the Defendant's decision to discriminate against Plaintiff.

43. Defendant did not treat similarly situated, non-disabled individuals in the same manner.

44. Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the FCRA.

45. Plaintiff has been subjected to disparate treatment because of her disability or handicap in violation of the FCRA, and because of such actions by Defendant he has suffered both irreparable injury and compensable damage unless and until this Court grants relief.

46. Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to the FCRA.

47. As a direct and proximate result of the above-described actions of Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental

anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff CANDACE SITTNER respectfully requests that this court order the following:

a) Issue a declaration that the acts and practices of Defendant complained of in this Complaint are in violation of the FCRA;

b) Award injunctive relief ordered by the Court enjoining and permanently restraining these violations of the FCRA by Defendant;

c) Award actual damages suffered, including lost wages, loss of fringe benefits and damages;

d) Award compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: August 10, 2022.

>Respectfully submitted,
>**s/Brandon Gibson**
>Brandon Gibson (FBN: 99411)
>E-mail: bgibson@rtrlaw.com
>REIFKIND, THOMPSON, & RUDZINSKI, LLP
>3333 W. Commercial Blvd, Ste. 200
>Ft. Lauderdale, Florida 33309
>Telephone: (954) 370-5152
>Facsimile: (954) 370-1992
>*Counsel for Plaintiff(s)*
>Facsimile: (844) 761-8555
>*Counsel for Plaintiff(s)*